AARON M. CLEFTON, ESQ. (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C #336
Alameda, CA 94501
Telephone: 510/832-5001
info@cleftonlaw.com

Attorneys for Plaintiff
JAMES LLEWELLYN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LLEWELLYN,<br><br>Plaintiff,<br><br>v.<br><br>S. LOPEZ M. ENTERPRISES, INC. dba EL FAROLITO BAR; SALVADOR BALVINA (TE); LOPEZ T. BALVINA (TE),<br><br>Defendants. | CASE NO. 3:26-cv-6365<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1. Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>**2. Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>**3. Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff JAMES LLEWELLYN complains of Defendants S. LOPEZ M. ENTERPRISES, INC. dba EL FAROLITO BAR; SALVADOR BALVINA (TE); LOPEZ T. BALVINA (TE) and alleges as follows:

1. **INTRODUCTION:** Defendants have denied disabled Plaintiff JAMES LLEWELLYN accessible public facilities at El Farolito Bar in San Francisco, California. Plaintiff is a "person with a disability" or "physically handicapped person" who requires the use of a wheelchair for mobility. He is unable to use portions of public facilities which are not accessible to mobility disabled persons.

2. On or about April 2, 2026, Plaintiff went to El Farolito Bar to have a drink with his friend. Unfortunately, Plaintiff had significant difficulty accessing the amenities of the bar. He

entered the bar, and went to sit down at a table, there were no accessible seating areas/tables in the bar. Further, although everyone else in the establishment was ordering at the bar, there was no lowered section of the bar which Plaintiff could reach. Plaintiff had to use the restroom, but he was unable to access the restroom due to the layout and small size of the restroom.

3. Plaintiff was denied his rights to full and equal access at El Farolito Bar. He was denied his civil rights under both California law and federal law, and continues to have his rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use a wheelchair or other assistive devices for mobility. The discrimination caused him significant difficulty, discomfort and embarrassment from the inability to use the restroom and lack of accessible seating at the bar. Plaintiff suffered the humiliating loss of his independence, dignity and federal and state civil rights because the Defendants owners and operators of these particular facilities failed to provide the most basic access for disabled persons.

4. Plaintiff seeks injunctive relief to require Defendants ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities. Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

5. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

6. **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this

district and that Plaintiff's causes of action arose in this district.

7. **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

8. **PARTIES:** Plaintiff is a "qualified" physically disabled person who cannot walk due to Multiple Sclerosis and who requires use of a wheelchair for locomotion. Due to the progression of his disease, Plaintiff also lacks core strength and lateral muscle control which makes reaching and bending at the waist extremely difficult. He owns a disabled licensed vehicle which entitles him to park in a properly configured disabled accessible parking space. He has been issued a California state placard for disabled parking.

9. Defendants S. LOPEZ M. ENTERPRISES, INC. dba EL FAROLITO BAR; SALVADOR BALVINA (TE); LOPEZ T. BALVINA (TE), are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings located at 2777 Mision Street, San Francisco, California at all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

10. El Farolito Bar is a place of "public accommodation" and "business establishment" subject to the requirements of 42 USC section 12181(7)(B) of the Americans with Disabilities Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq*. On information and belief, El Farolito Bar and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990. Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's

Regulations, also known as the California Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

11. **FACTUAL STATEMENT:** Plaintiff is a disabled person who uses a motorized wheelchair for mobility. He relies on businesses and other public places to provide accessible facilities so that he can navigate the business on an equal basis to nondisabled patrons. Unfortunately, the architectural barriers that Plaintiff encountered at El Farolito Bar made it impossible for him to access equally and independently like non-disabled patrons can and do.

12. On or about April 10, 2026, Plaintiff visited El Farolito Bar with his friend, Natasha. Natasha previously lived in the Mission neighborhood in San Francisco, and she wanted to visit her old neighborhood with Plaintiff to show him around her old stomping grounds. While walking around the Mission, they decided to stop at El Farolito Bar for a drink.

13. Upon arriving at El Farolito Bar and attempting to order a drink, Plaintiff observed that there was no lowered or accessible section of the bar where he could comfortably sit or independently place an order from his wheelchair. Because the bar was inaccessible to him, Plaintiff and Natasha located a table to sit at.

14. However, the available seating was also inaccessible. The tables available to patrons were high-top "bar tables" attached to the wall that were too high for Plaintiff to comfortably reach or use from his wheelchair. Plaintiff experienced difficulty using the seating provided at the establishment because he had to reach up to the top of the table to use it.

15. Additionally, Plaintiff experienced difficulty maneuvering through the interior of the bar due to tight spacing between fixtures and patrons. At one point, Plaintiff accidentally bumped into a woman while attempting to navigate the crowded and constrained space, and other patrons were required to move out of the way for him to pass.

16. There was no lowered section of the bar and insufficient accessible space at the bar counter, so Plaintiff had to flag down an employee to request his order, which took a longer amount of time than had he been able to order at the bar. This caused difficulty for Plaintiff that

patrons at the bar did not experience.

17. After consuming his beverage, Plaintiff needed to use the restroom. He entered the restroom and immediately encountered accessibility barriers due to the restroom's small size and layout. The restroom lacked sufficient maneuvering and turnaround space, making it difficult for Plaintiff to navigate in his wheelchair. Plaintiff was unable to turn his wheelchair around inside the restroom.

18. Although Plaintiff was able to empty his catheter into the urinal, the restroom layout prevented him from transferring onto the toilet. Because Plaintiff could not safely transfer, he was unable to use the restroom in the same manner as nondisabled patrons and became concerned about the risk of a bodily functions accident, particularly if he had the need to defecate.

19. Plaintiff also found that he could not access or reach the sink to adequately clean himself after disposing of his urine. Plaintiff did his best to clean himself up under the circumstances. Due to the insufficient turnaround space within the restroom, Plaintiff was forced to back his wheelchair out of the restroom, which was difficult and uncomfortable for him.

20. Because of the inaccessible features of the establishment, including the inaccessible seating, inaccessible bar, and inaccessible restroom, Plaintiff and Natasha decided to leave El Farolito Bar. Plaintiff did not want to risk suffering a bodily functions accident because the restroom was inaccessible to him.

21. The access barriers encountered by Plaintiff caused him difficulty, discomfort, and humiliation. Plaintiff was personally denied equal access as a result of the inaccessible restroom conditions. Plaintiff desires to return to El Farolito Bar to avail himself of its goods and services and to determine whether the access barriers have been removed, but he is deterred from returning so long as the discriminatory conditions remain.

22. Defendants have failed to provide an accessible restroom at El Farolito Bar. To the extent that Defendants could not make the restroom fully accessible because to do so was not readily achievable, they failed to make the restroom as accessible as possible for disabled persons. Plaintiff estimates as a layperson on information and belief that the costs of improving access in the restroom can range between $500 - $2,000 per item for remedying each individual

element to make the premises and restroom more accessible to the maximum extent feasible. For example, removing the partition between the toilet and urinal to create a single accommodation restroom could cost $1,500. Installing compliant grab bars might cost $500-$600, including the missing rear grab bar. Other items cost almost nothing to change, such as relocating the paper towel, toilet paper, and soap dispensers. Providing a flip-up, lowered section of the bar would cost approximately $1,000, and providing 5% accessible tables which can accommodate a wheelchair user would cost about $1,500. Each of these are easy to do and do not cost very much to accomplish, and the benefit to disabled persons and Plaintiff is the ability to use the restroom which allows them to use the premises at all. Each of these are easy to do and do not cost very much to accomplish, and the benefit to disabled persons and Plaintiff is the ability to use the restroom which allows them to use the premises at all.

23. The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

24. Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

25. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 24 of this Complaint and incorporates them herein as if separately re-pleaded.

26. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

27. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

28. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

29. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which include but are not limited to any "restaurant, bar or other establishment serving food or drink." 42 USC § 12181(7)(B).

30. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

31. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under

California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable." In this case, for example, Defendants could provide a more accessible restroom by removing partitions, adding grab bars, and moving certain accessories in the restroom.

32. The ability to use the restroom is a fundamental necessity of accessing and patronizing a restaurant. Therefore, the benefits of creating an accessible restroom do not exceed the cost of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a restaurant, such as the costs of ensuring fire safety. It is thus readily achievable to remove these barriers.

33. On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

34. Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing El Farolito Bar and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182. Plaintiff intends to return to patronize El Farolito Bar once barriers to access have been removed.

35. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff JAMES LLEWELLYN entitled to the remedies and procedures set forth in

section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

36. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff JAMES LLEWELLYN is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize El Farolito Bar, in light of Defendants' policies and physical premises barriers.

37. Plaintiff seeks an award of reasonable attorney fees, litigation expenses and costs pursuant to 42 U.C.S section 12205.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

38. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 37 of this Complaint and incorporates them herein as if separately re-pleaded.

39. At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of

medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

40. California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

41. Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

42. Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

43. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, and compensatory damages to Plaintiff, according to proof.

44. **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for

disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

45. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 44, above, and incorporates them herein by reference as if separately repled hereafter.

46. Plaintiff JAMES LLEWELLYN and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19953 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19953 *et seq*. Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA,

including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

47. Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such “alteration, structural repair or addition” was carried out. On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions of El Farolito Bar, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*. Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959. Alterations or additions after January 26, 1993 trigger ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

48. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair or other assistive device for movement in public places.

49. Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff

is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize El Farolito Bar and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons. Plaintiff specifically intends to return and patronize El Farolito Bar once it is made accessible, including the restroom.

50. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011). As to the Defendants that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

51. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

52. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing,

constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. These violations have deterred Plaintiff from returning to attempt to patronize the El Farolito Bar and will continue to cause him damages each day these barriers to access continue to be present. Plaintiff intends to return to El Farolito Bar once the premises has been made accessible for his full and equal enjoyment.

53. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and

opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff JAMES LLEWELLYN prays for judgment and the following specific relief against Defendants:

1. Issue a preliminary and permanent injunction directing Defendants as current owner, operator, lessor, and/or lessee of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities for use of their facility, including restroom facilities, and including alternate methods of providing restroom facilities if so required; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages and general damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code section 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

//

Date: June 25, 2026

CLEFTON DISABILITY LAW

*/s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorneys for Plaintiff
JAMES LLEWELLYN

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: June 25, 2026

CLEFTON DISABILITY LAW

*/s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorneys for Plaintiff
JAMES LLEWELLYN